UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MathStar, Inc., Feltl and Company,
Inc., Sajan, Inc., Perkins Capital
Management, Inc., Richard C.
Perkins, Merrill A. McPeak, Benno G.
Sand, John C. Feltl, and Joseph P.
Sullivan,

        Plaintiffs,

v.

Tiberius Capital II, LLC,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-2869 ADM/SRN

_____

F. Chet Taylor, Esq., Taylor Law Office, PLC, Minneapolis, MN, on behalf of Plaintiffs Feltl and Company, John C. Feltl, and Joseph P. Sullivan.

Geoffrey P. Jarpe, Esq., and Brent A. Lorentz, Esq., Winthrop & Weinstine, P.A., Minneapolis, MN, on behalf of Plaintiffs MathStar, Inc., Perkins Capital Management, Inc., Richard C. Perkins, Merrill A. McPeak, and Benno G. Sand.

Thomas E. Jamison, Esq., and Adam A. Gillette, Esq., Fruth Jamison & Elsass PLLC, Minneapolis, MN, on behalf of Plaintiff Sajan, Inc.

Timothy D. Kelly, Esq., and Tracey L. Baubie, Esq., Kelly & Berens, P.A., Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

On July 27, 2010, the undersigned United States District Judge heard oral argument on MathStar, Inc., ("MathStar"), Perkins Capital Management, Inc., Richard C. Perkins, Merrill A. McPeak, Benno G. Sand (collectively "MathStar Plaintiffs"), Feltl and Company, Inc. ("F&C"), John C. Feltl, Joseph P. Sullivan, (collectively "Feltl Plaintiffs") and Sajan, Inc.'s ("Sajan") (collectively "Plaintiffs") Motion for Voluntary Dismissal of their Complaint [Docket No. 58]. For the reasons set forth below, Plaintiffs' Motion is granted.

## II. BACKGROUND

The factual and procedural background of this litigation is set forth in the Court's previous order and will not be repeated here. See April 26, 2010 Order [Docket No. 54]. By way of summary, in October, 2009, Tiberius sent MathStar's counsel a draft of a class action complaint alleging violations of federal securities laws and state law in Tiberius's failed bid to takeover MathStar. In response, Plaintiffs filed an action for a declaratory judgment [Docket No. 1] that Tiberius's claims were meritless. Compl. [Docket No. 1]. Tiberius answered and asserted its counterclaims. Am. Counterclaim [Docket No. 15]. Plaintiffs then moved to dismiss Tiberius's counterclaims. [Docket Nos. 16, 18, and 20]. By Order dated April 26, 2010, the Court granted Plaintiffs' motions to dismiss the counterclaims. Order at 21. On May 25, 2010, Plaintiffs moved under Rule 41(a)(2) of the Federal Rules of Civil Procedure for voluntary dismissal of their declaratory judgment complaint [Docket No. 58].

## III. DISCUSSION

Once an answer or motion for summary judgment has been filed, Rule 41(a)(2) provides that an action may be dismissed "at the plaintiff's request only by court order, on terms that the court considers proper." In deciding whether to dismiss under Rule 41(a)(2), a court should consider whether the plaintiff has provided a proper explanation, whether dismissal would waste judicial time and effort, and whether dismissal would prejudice the defendant. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999). The decision to allow a plaintiff to voluntarily dismiss is left to the sound discretion of the court. See Bodecker v. Local Union No. 46, 640 F.2d 182, 186 n.5 (8th Cir. 1981) (citations omitted).

Plaintiffs seek to dismiss this action with prejudice and without any conditions. Tiberius

opposes an unconditional dismissal and asks the Court to either compel Plaintiffs to respond to limited discovery related to Tiberius's counterclaims or require Plaintiffs to pay Tiberius's reasonable attorneys' fees and costs.

**A. Request for Limited Discovery**

Tiberius asks the Court to order the Feltl Plaintiffs to produce its trade blotters for the period between May 1, 2009 and October 31, 2009 which identify F&C's trades in MathStar's stock. For two reasons, the Court denies Tiberius's request.

First, a party "must adequately plead a claim before obtaining discovery, not the other way around." In re Medtronic, Inc. Sprint Fidelis Leads Products Liab. Litig. MDL No. 08-1905, 2009 WL 294353, *2 (D. Minn. Feb. 5, 2009) (quoting Smith v. Lyons, Doughty & Veldhuius, P.C., Civ. No. 07-5139, 2008 WL 2885887, *5 (D.N.J. July 23, 2008)). The Court has already determined that Tiberius's counterclaims are not viable, and thus, Tiberius's request comes too late.

Tiberius argues that it asked Plaintiffs to voluntarily disclose the trade blotters during a meet and confer between the parties prior to Plaintiffs' filing their motions to dismiss, but that Plaintiffs refused to disclose the requested information. After Plaintiffs' refusal to disclose the trade blotters, Tiberius could have served on Plaintiffs a request for document production, to which Plaintiffs could have objected, and the issue could have been considered and decided by the court. At oral argument, Tiberius's counsel conceded that this would have been the proper procedural course. Tiberius's failure to seek adequate discovery to support its allegations cannot be remedied at this late juncture. For this additional reason, Tiberius's request cannot be granted.

**B. Request for Attorneys' Fees**

In support of its request for attorneys' fees, Tiberius contends that it "was dragged into this forum and forced to defend itself against claims asserted against it . . . , " Def.'s Mem. in Opp. to Pls.' Mot. for Voluntary Dismissal [Docket No. 65] at 11, and that Plaintiffs' "only purpose in asserting its declaratory action was to gain a favorable forum for potential affirmative claims by Tiberius." Id.

As stated in the Court's April 26 Order, after Tiberius's tender offer was defeated, Tiberius's counsel contacted MathStar's counsel alleging that there was misconduct in the handling of the proposed Sajan merger and Tiberius's tender offer. Tiberius began this litigation in October, 2009, when it sent MathStar's counsel a draft of a class action complaint, purportedly to be filed in the United States District Court for the Southern District of New York, alleging fraud, market manipulation, violations of the Securities Exchange Act of 1934, breach of fiduciary duty, and other wrongdoings. Order at 5. In response, Plaintiffs filed this action in Minnesota seeking a declaration that Tiberius's claims are without merit and alleging tortious interference with prospective economic advantage. Compl. Tiberius answered and asserted its counterclaim. Am. Counterclaim. In its memorandum opposing Plaintiffs' motions to dismiss, Tiberius argued that Plaintiffs' motions constituted procedural fencing and should therefore be denied. Def.'s Consolidated Resp. to Pls.' Mots. to Dismiss [Docket No. 43] at 8-12. This argument was considered and rejected on the grounds that Tiberius had not filed a motion to dismiss or transfer the case, but rather, chose to defend in this forum, and that adjudication of the case would settle the entire dispute. Order at 6.

The circumstances of this case are not among those contemplated by courts when

awarding attorneys' fees pursuant to a Rule 41(a)(2) dismissal. The Plaintiffs have not acted in such a way that "it would be unfair to the defendant to permit such a dismissal without requiring the plaintiff to pay the expenses and reasonable attorney's fees incurred by the defendant." Barnett v. Terminal R. Ass'n of St. Louis, 200 F.2d 893, 893-94 (8th Cir. 1953). By its October, 2009 letter, Tiberius signaled its intention to litigate the circumstances surrounding its failed tender offer. Plaintiffs' declaratory judgment action was a response to the real threat of litigation and sought a ruling on the propriety of the conduct. By answering and asserting its counterclaims, Tiberius failed to take advantage of other procedural devices to have the case heard in a different forum. While Tiberius argues that it has expended a considerable amount of time and effort on this case, that is largely the result of its own making. There is no evidence of inappropriate, vexatious, or frivolous conduct by Plaintiffs. For these reasons, Tiberius's request for attorneys' fees is denied.

Moreover, Plaintiffs diligently pursued their legal positions regarding the proper forum and there is no excessive delay in bringing their motions to dismiss. The record does not support any inference that dismissal is being sought to escape an adverse decision or to seek a more favorable forum. Having ruled on the merits of Tiberius's allegations, Plaintiffs have a legitimate basis for seeking a voluntary dismissal. If the Court dismissed the claims without prejudice, Tiberius could potentially bring these same claims in the future, despite Plaintiffs having already spent time, energy, and money in this action defending their respective positions. Therefore, pursuant to the provisions of Federal Rule of Civil Procedure 41(a)(2), the case is dismissed with prejudice.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Voluntary Dismissal [Docket No. 58] is GRANTED. All the remaining claims in this litigation are **DISMISSED WITH PREJUDICE**. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 30, 2010.